## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AKUBE WUROMONI NDOROMO, | |
| Plaintiff, | |
| v. | Case No. 24-cv-1359 (JMC) |
| MERRICK B. GARLAND, | |
| Defendant. | |

## <u>MEMORANDUM OPINION</u>

This is at least the fifth lawsuit that Plaintiff Akube Wuromoni Ndoromo has filed to challenge his 2007 criminal conviction and a related civil forfeiture action. Indeed, this suit is almost identical to the suit this Court recently dismissed with prejudice on res judicata grounds. *See* Order Granting Def.'s Mot. to Dismiss and Denying as Moot Pl.'s Mot. to Remand, *Ndoromo v. Garland* (*Ndoromo IV*), No. 23-cv-3000 (JMC) (D.D.C. Oct. 17, 2024), ECF 32. This suit, which brings nearly identical claims as the last one—and those before it—is precluded for the same reasons. Accordingly, this suit, too, is **DISMISSED** with prejudice, and Ndoromo's motion for remand is **DENIED** as moot.[1]

### I.    BACKGROUND

The relevant case background is set forth in the Court's opinion in *Ndoromo IV*, No. 23-cv-3000 (JMC) (D.D.C. Oct. 17, 2024), ECF 33. In short, this is the *fifth* lawsuit that Ndoromo has filed in either this Court or D.C. Superior Court attempting to challenge his 2007

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

criminal conviction for fraud offenses and a related forfeiture action through which the Government seized from Ndoromo cars and money that a jury found were the proceeds of his criminal conduct. *See id.* at 1–5. This Court dismissed his first lawsuit as an improper collateral attack on his criminal and forfeiture cases, and for failure to state any viable claims, and the D.C. Circuit affirmed. *Ndoromo v. Barr* (*Ndoromo I*), No. 18-cv-2339 (CKK), 2019 WL 2781412 (D.D.C. July 2, 2019), *aff'd*, No. 19-5211, 2020 WL 873550 (D.C. Cir. Feb. 13, 2020). That same court in this District also dismissed a second, subsequent, and virtually identical lawsuit Ndoromo filed because it had already ruled on the merits of his claims. *Ndoromo v. Barr* (*Ndoromo II*), 486 F. Supp. 3d 388, 396–98 (D.D.C. 2020). He appealed that dismissal, but the D.C. Circuit ruled against him, again, and affirmed. *Ndoromo v. Garland*, No. 20-5323, 2021 WL 2525717 (D.C. Cir. May 17, 2021). He filed his third lawsuit in the Superior Court for the District of Columbia, but that case was dismissed on statute of limitations grounds. Order Dismissing Case, *Ndoromo v. Garland* (*Ndoromo III*), 2023-CAB-3125 (D.C. Super. Ct. Aug. 31, 2023). He then filed a fourth lawsuit, *Ndoromo IV*, in D.C. Superior Court raising the same claims related to his conviction and forfeiture, which was removed to this Court. *See Ndoromo IV*, No. 23-cv-3000 (JMC) (D.D.C. Oct. 10, 2023), ECF 1. He filed a motion to remand *Ndoromo IV* to Superior Court, *see id.* ECF 24, but also filed the instant, almost identical case in D.C. Superior Court while *Ndoromo IV* was pending. Presumably he did so to circumvent removal and attempt to force his case to be litigated in Superior Court. However, the Government removed the instant case to this Court as well. ECF 1.

This Court dismissed *Ndoromo IV* with prejudice because the doctrine of res judicata bars Ndoromo from continuing to relitigate claims that he previously raised, or that he could have raised, in lawsuits that have been resolved on their merits. *Ndoromo IV*, No. 23-cv-3000 (JMC)

(D.D.C. Oct. 17, 2024), ECF 33 at 5–7. The Court discussed Ndoromo's prior lawsuits, the similarities between them, the resolution of those suits, and the basis upon which this Court dismissed his case in its opinion for *Ndoromo IV*, which the Court incorporates by reference here.

## II.   LEGAL STANDARD

The doctrine of res judicata bars a suit if it "(1) involve[es] the same claims or cause of action, (2) between the same parties or their privies" as a prior suit, and "(3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction," in that prior suit. *Nat. Res. Def. Council v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). A party need not raise the affirmative defense of res judicata first; a court may "consider the issue sua sponte," as "res judicata belongs to courts as well as to litigants." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997).

## III.   ANALYSIS

Comparing Ndoromo's complaint in the instant case with the one that the Court just dismissed in *Ndoromo IV* reveals that the claims are the same—and, therefore, the instant suit must be dismissed on res judicata grounds.

- In both suits, Ndoromo describes his claims as challenging the seizure of money from Citibank and Bank of America accounts. *Compare Ndoromo IV*, No. 23-cv-3000 (JMC) (D.D.C. Oct. 10, 2023), ECF 1-1 at 2 (identifying claim as "Removable of Seven(7) Bank Accounts from two(2) Banks: Bank of America and CityBankDec.21/22/2004"); *with* ECF 1-1 at 2 (describing claims as "(a) Bank Fraud: Removable of three (3) Bank Accounts from CITIBANK December 21/22, 2004" and "(b) Bank Fraud: Removable of Four (4) Bank Accounts from Bank of America December 21/22, 2004").[2]

- In both suits, he seeks recovery of "vehicles" that were seized from him. *Compare Ndoromo IV*, No. 23-cv-3000 (JMC) (D.D.C. Oct. 10, 2023), ECF 1-1 at 2 (describing another claim as "(b) Seizing properties: Vehicles"); *with* ECF 1-1 at 2 (describing claim as "(c) Bank Fraud Coverup: Seizing properties; Vehicles").

- In both complaints, he attempts to bring claims related to his "small business" that the Government "shut[] down." *Compare Ndoromo IV*, No. 23-cv-3000 (JMC) (D.D.C.

---

[2] Typos in quotes from Ndoromo's complaints are unmodified from the original complaints.

Oct. 10, 2023), ECF 1-1 at 2 (claiming, "(c) Shutting down small business of Eight(8) plus people in Washington D.C. Dec. 22, 2004); *with* ECF 1-1 at 2 (claiming, "(d) Bank Fraud Coverup: shutting down small business of Eight (8) workers and Non-Profit December 22, 2024").

- And in both, he complains about being "kidnapped" and held in confinement— referring to the term of incarceration that he was ordered to serve after being convicted. *Compare Ndoromo IV*, No. 23-cv-3000 (JMC) (D.D.C. Oct. 10, 2023), ECF 1-1 at 2 (claiming, "(d) Kidnapping owner holding him in confinement for Fours(4)yrs and Three(3) Months DC, Jail and NY MDC Broklyn"); *with* ECF 1-1 at 2 (claiming, "(e) Bank Fraud Coverup: Kidnapped owner holding him in confinement for Four (4) years and Three (3) Months March 30, 2007, DC Cr. No. 06-019-EGS").

In fact, the Court does not discern any material differences between Ndoromo's instant complaint and the prior ones that he has filed, including the complaint that the Court recently dismissed. To the extent that there are any minor language differences between the complaint at issue here and the one that the Court just dismissed, both suits relate to his conviction and the seizure of property from him, and the claims and issues that he raises here could have easily been raised in the first lawsuit that he filed in this District. *See Ndoromo I*, 2019 WL 2781412, at *2 (describing Ndoromo's claims in his first suit).[3]

As the Court explained in *Ndoromo IV*, the law does not allow Ndoromo to continue to file the same lawsuit repeatedly when the Court has already ruled upon the claims and issues he wants to bring. *Ndoromo IV*, No. 23-cv-3000 (JMC) (D.D.C. Oct. 17, 2024), ECF 33 at 5–7. So, the Court dismisses this case, with prejudice, for the same reason, and it does so sua sponte. *See*

---

[3] Ndoromo's latest complaint, in a section for "any other information[] of which the Court should be aware," asserts that "(e) US District Court for the District of Columbia has direct involvement in Bank Fraud carry and coverup" and that "[t]here are Four (4) Judges in US District Court, and One (1) Magistrate," as well as "Eleven (11) Circuit Judges [with] involvement in Bank Fraud Coverup." ECF 1-1 at 3. The Court does not understand these statements to be new or distinct claims, based on any new or distinct issues or set of facts, from Ndoromo's previous suits for two reasons. First, the only Defendant in this suit is Merrick Garland. And second, those statements of "other information" are too vague, conclusory, and cryptic to state any sort of claim against Defendant or anyone else. *Cf.* Fed. R. Civ. P. 8(a)(2) (requiring civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief").

*Stanton*, 127 F.3d 72, 77 (authorizing sua sponte dismissals on the basis of res judicata). Ndoromo's pending motion to remand this case to Superior Court, ECF 4, is therefore moot.

Plaintiff did not have the benefit of the Court's ruling dismissing *Ndoromo IV* with prejudice before filing this case because he filed this duplicative action in Superior Court while *Ndoromo IV* was pending. But prior Court orders have informed Ndoromo that he does not have viable civil claims. Ndoromo's repeated suits raising identical claims—each attempting to obtain money and cars that a jury found to be the proceeds of fraud and seeking compensation for his incarceration—are frivolous and waste judicial resources. Ndoromo is warned that if he continues to file frivolous actions in this Court, he risks the Court issuing an order for Ndoromo to show cause as to why he should not be enjoined from filing future cases without first obtaining permission from the Court.

*         *         *

Accordingly, Ndoromo's case is **DISMISSED** with prejudice, and his motion to remand this case to the Superior Court of the District of Columbia, ECF 4, is **DENIED** as moot. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: October 22, 2024